**FILED**

JAMES J. VILT, JR. - CLERK

SEP 02 2022

AO 241
(Rev. 10/07)

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

5:22 CV116 BJB

| United States District Court | District: Western District of Ky | |
|---|---|---|
| Name (under which you were convicted): JETH NELSON | | Docket or Case No.: |
| Place of Confinement : Luther Luckett Correctional Complex | Prisoner No.: # 225571 | |
| Petitioner (include the name under which you were convicted) JETH NELSON | v. | Respondent (authorized person having custody of petitioner) WARDEN, AMY ROBEY |
| The Attorney General of the State of Kentucky   Daniel Cameron | | |

**PETITION**

1.　(a) Name and location of court that entered the judgment of conviction you are challenging:
　　McCracken Circuit Court
　　Paducah, Ky

　　(b) Criminal docket or case number (if you know):  15-CR-00464

2.　(a) Date of the judgment of conviction (if you know):  9/6/2016

　　(b) Date of sentencing:  12/6/2016

3.　Length of sentence:  fifteen years (15)

4.　In this case, were you convicted on more than one count or of more than one crime?　☐ Yes　☒ No

5.　Identify all crimes of which you were convicted and sentenced in this case:  Rape in the First Degree

6.　(a) What was your plea? (Check one)

　　☒ (1)　Not guilty　　☐ (3)　Nolo contendere (no contest)

　　☐ (2)　Guilty　　☐ (4)　Insanity plea

AO 241
(Rev. 10/07)

Page 2

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

X☒  Jury    ☐  Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

X☒  Yes    ☐  No

8.    Did you appeal from the judgment of conviction?

X☒  Yes    ☐  No

9.    If you did appeal, answer the following:

(a) Name of court: Ky Court Of Appeals

(b) Docket or case number (if you know): 2016-CA-001920

(c) Result: Affirmed

(d) Date of result (if you know): 8/24/2018

(e) Citation to the case (if you know): 2016-CA-1920

(f) Grounds raised: Denial of Right to present a defense when court would not allow testimony concerning identity of 911 caller.
- SANE should not have been permitted to opine that injuries to N.R. were caused by force.
- The trial court erred to Mr Nelson substaintial prejudice when it allowed hearsay statements of N.R. to come in through Blake McIntosh.
- Cumulative Error during trial.

(g) Did you seek further review by a higher state court?    X☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court: Ky Supreme Court

(2) Docket or case number (if you know): 2018-SC-00545-D

(3) Result: Denied

(4) Date of result (if you know): 6/5/2019

2

AO 241
(Rev. 10/07)

Page 3

(5) Citation to the case (if you know): Jeth Nelson v Commonwealth 2018-SC-545

(6) Grounds raised: Same as presented in Court of Appeals [see above]

(h) Did you file a petition for certiorari in the United States Supreme Court?  [ ] Yes  XXX No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  XXX Yes  [ ] No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: McCracken Circuit Court

(2) Docket or case number (if you know): 15-CR-00464

(3) Date of filing (if you know): 10/24/2019

(4) Nature of the proceeding: Motion to Vacate RCr 11.42 Post-Conviction

(5) Grounds raised: Ineffective Assistance Of Counsel at Trial and on Appeal; Both trial and appellant counsel failed to raise sufficiency of evidence with respect to Forcibile Complusion in violation of 6th and 14th amendments.
 - Counsel failed to investigate, present a defense.
 - Counsel failed to investigate and subpoena witnesses and a 6th and 14th amendment right to right to confront states witnesses in trial and pretrial.
 - Trial and Appellant counsels presented prejudicial evidence which contributed to juror bias.
 - Trial and Appellant counsel failed to defend against the Commonwealth introducing false evidence causing prosecutorial Misconduct.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

[ ] Yes  XXX No

(7) Result: Denied

(8) Date of result (if you know): 1/8/2020

3

&AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: Kentucky Court of Appeals

    (2) Docket or case number (if you know): 2020-CA-00935

    (3) Date of filing (if you know): 7/9/2021

    (4) Nature of the proceeding: Direct Appeal of Denial of RCr 11.42

    (5) Grounds raised:
- Ineffective Assistance of Trial and Appellant Counsel.
- Counsel failed to conduct pretrial and trial investigation.
- Counsel failed to obtain defense expert witness.
- Counsel failed to call Doctor Jeremy Klope.
- Counsel failed to call Victims Husband.
- Counsel was ineffective for failing to object to improper opening statement by commonwealth.
- Cumulative Error.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes  ☒ No

    (7) Result: Affirmed  and Rehearing Denied

    (8) Date of result (if you know): 2/4/2022 and rehearing denied 3/25/2022

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: Ky Supreme Court

    (2) Docket or case number (if you know): 2022-SC-0143-D

    (3) Date of filing (if you know): 2022

    (4) Nature of the proceeding: Motion for Discretionary Review

    (5) Grounds raised: Same grounds as in Disect Appeals

4

AO 241
(Rev. 10/07)

Page 5

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes   X☒X No

(7) Result: Denied

(8) Date of result (if you know): 8/18/2022

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   X☒X Yes      ☐  No

(2) Second petition: X☒X Yes      ☐  No

(3) Third petition:  X☒X Yes      ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Petitioner received Ineffective Assistance of Trial and Appellant Counsel in violation of the 6th and 14th Amendments of the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

-Counsel only made a directed verdict motion only with regards to the sodomy offense and not the rape offense. Appellant counsel also did not pursue the argument on appeals.

-Counsel failed to investigate the case, prepare a proper defense and present the best defense with regards to the instant case.

-Counsel failed to subpeona witnesses on his behalf and was denied a chance to confront and call witnesses to defend against the charges when counsel did not call Mark Rodriguez and nurse Kristy Schwetman's supervisor Dr. Jeremy klope.

-Counsel for the Trial and Appeals were both ineffective in failing to argue the prejudicial error that contributed to juror bias.

- [petitioner incorporates his motion to vacate in its entirety as further proof]

(b) If you did not exhaust your state remedies on Ground One, explain why:

5

AO 241
(Rev. 10/07)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion to Vcate RCr 11.42

Name and location of the court where the motion or petition was filed:
McCracken Circuit Court
Paducah Ky

Docket or case number (if you know): 15-CR-00464

Date of the court's decision: 1/8/2020

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Ky Court of Appeasl
Frankfort, Ky

Docket or case number (if you know): 2020-CA-00935

Date of the court's decision: 2/4/2022

Result (attach a copy of the court's opinion or order, if available): Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

6

AO 241
(Rev. 10/07)

Page 7

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: Petition for Rehearing to Court of Appeals also filed the Motion for Discretionary Review 2022-SC-0143 denied on 8/18/2022

**GROUND TWO:** Petitioner received Ineffective Assistance of Counsel when both the Trial And Appellant Counsel failed to argue and defend the Prosecutorial misconduct in violation of 6th and 14 th amendments.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Counsel at trial failed to object to the commonwealth attorney's introduction of false testimony that there was a threat to kill N.R. the victim never made any testimony that petitioner threatened to kill her, counsel never argued this on appeal, and the failure to object and cure the Jury was manifest injustice.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion to Vacate RCr 11.42

Name and location of the court where the motion or petition was filed:
McCracken Circuit Court
Paducah, Ky

Docket or case number (if you know): 15-CR-00464

Date of the court's decision: 1/8/2020

AO 241
(Rev. 10/07)

Page 8

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Ky Court of Appeals
Frankfort, Ky

Docket or case number (if you know): 2020-CA-00935

Date of the court's decision: 2/4/2022

Result (attach a copy of the court's opinion or order, if available): Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two Took on Motion for Discretionary Review to Ky Supreme Court 2022-SC-0143 Denied on 8/18/2022.

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 10/07)

Page 12

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction? XX☑  Yes        ☐  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?        ☐  Yes    X☒X No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?        ☐  Yes    XX☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

9

AO 241
(Rev. 10/07)

Page 13

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:  N/A

(b) At arraignment and plea: DPA

(c) At trial:    Chris McNeill DPA

(d) At sentencing: Same

(e) On appeal:   Emily Holt Rohorere DPA

(f) In any post-conviction proceeding: J. Ryan Chailland DPA

(g) On appeal from any ruling against you in a post-conviction proceeding: Same

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
Petitioner has exhausted all claims and is within the time limit in all stages of the case.

10

AO 241
(Rev. 10/07)

Page 14

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

Page 15

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

X _____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  9-1-2022  (month, date, year).

Executed (signed) on  9-1-2022  (date).

X _____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Seth Nelson # 225371
Luther Luckett Corr. Complex
P.O. Box L
LaGrange Ky 40031



NEOPOST
08/31/2022
US POSTAGE $000.00⁰

ZIP 40031
041M11458349

United States District Court
Western District of Kentucky
601 W. Broadway, Rm 106
Gene Snyder U.S. Courthouse
Louisville Ky 40202

**FILED**
JAMES J. VILT, JR. - CLERK

SEP 0 2 2022

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY